Waties, J.
There are three questions which arise in this case: 1st. Whether there is any other mode of conveying lands in this state, besides by lease and release. 2d. Whether the plaintiff’s deed can take effect either as a feoffment, a bargain and sale, or a covenant to stand seised to uses. 3d. Whether the plaintiff can maintain this action of ejectment without entry. There is no doubt but that there may be different modes of conveying lands. The question depends upon positive law, and that law modern» The true intention of the different forms of conveyance is to ascertain the real proprietor of the land, and to make him notorious. This was the object of the statute of uses, which object is effected by extirpating the estate of the feoffee to uses. It was not the intention of the legislature of this country to restore the old investiture, nor to provide against secret uses ; but they adopted this statute to give facility to every mode of transferring lands. The act for recording *110 conveyances passed long before, in the year ¡.698. As to the reasoning to shew that the legislature, in adopting the statute of uses, meant to exclude all other modes of conveyance under it, except the lease and release, it rests upon implication too slight to overturn the acknowledged operation of a positive statute. What advantage does the mode of lease and release possess over that by bargain and sale ? It is longer, more tedious, and more expensive. It was adopted and brought over here by the practitioners in England, and in use before the statute of uses was made of force. But the statute, when made of force, warranted as well the bargain and sale, and covenant to stand seised, as the lease and release.
2. What shall be the effect of this deed ; as a feoffment, a bargain and sale, or a covenant to stand seised. It would perhaps require much refinement to make it a good feoffment, Possession indeed, acquired in any way, might operate as good livery and seisin under it, and with the possession it would be a good title. But there is no need at ail of a strained construction to make this a good deed. I consider it as a good bargain and sale. The consideration was in part executed, and is acknowledged on the face of the deed. The terms of it shew a plain intent to pass the estate. The deed, therefore, must stand, unless it can be impeached, through fraud or some such thing, before the jury.
3. But it has been contended that entry was necessary in order to maintain this action. It is necessary to inquire what kind of injury is complained of in this case. Judge Blackstone, in his Commentaries,* enumerates five kinds of ouster, abatement, intrusion, disseisin, discontinuance, and deforcement. The injury in this case comes properly under the last: “ Deforcement may also be grounded on the non- “ performance of a covenant real; as if a man seised of lands “ covenants to convey them to another, and neglects or re *111 “fuses so to do, but continues possession against him, this “ possession, being wrongful, is a deforcement.”* It is laid down in the succeeding page, that “ upon a discontinuance “ or deforcement, the owner of the estate cannot enter, but “ is driven to his action.” This solves all difficulties on the subject, and takes away the necessity, and, indeed, the pro. priety of a previous entry in this case. If, however, it depended upon the principles of this action of ejectment, the result would be the same, where the plaintiff’s lessor has a right of entry. The action is competent where the lessor of the plaintiff may enter. The question is not whether he has entered, but whether he may enter. 1 his action has been allowed in this country, even'where the right of entry has been tolled by descent cast. It ought to be so — the rigid forms of ancient real actions have long since been mouldering away, and giving place to others, more liberal and better calculated to answer the ends of justice.
The motion for the nonsuit was overruled, and on the case going to the jury, they returned a
Verdict for the plaintiff.
By an act of the legislature, since the determination of this case, a bargain and sale is declared to be a good deed to pat#* a fee in all cases, without livery and seisin.

 Vol. 3. p. 107.

 Vol 3. p. 174,.